UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CRISTIAN MORAN-GARCIA,<br>Defendant. | Case No. 21-mj-70244-MAG-1   (JSC)<br><br>**DETENTION ORDER** |

Defendant is charged by complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(vii). He made his initial appearance on the charge on February 16, 2021, appeared at a status conference on February 18, 2021, and for a detention hearing on February 24, 2021. At the detention hearing on February 24, 2021 Defendant waived findings without prejudice to his seeking release at a later time.

He sought his release in April 2021. The Court held detention hearings on April 2, 2021, April 16, 2021 and April 19, 2021. At each hearing Defendant was represented by his counsel August Gugelmann and the United States was represented by Kenneth Chambers. Pretrial Services recommended Defendant's detention based on a risk of non-appearance. After carefully considering Defendant's history and his proposed sureties the Court agrees that Defendant poses a risk of non-appearance that cannot be mitigated with conditions.

First, there is a presumption that Defendant poses a risk of nonappearance given the nature of the charges in this case. *See* 18 U.S.C. § 3142(e)(3)(a).

Second, Defendant's lack of employment, lack of a stable residence, substance abuse history and family ties to the Honduras where he lived until three years ago all create a risk of nonappearance. Further, pretrial reports that when he was arrested on this charge following a

1   vehicle stop, he did not comply with the officers' command to exit his vehicle.

2       Third, the proposed sureties are not in a position to have influence over Defendant and
3   ensure that he complies with conditions of release.  While his fiancé offered to sign a bond on his
4   behalf, she testified that they had been together for 5 years and told pretrial she and Defendant had
5   been together 4 to 5 years.  But Defendant has only been in the United States for 3.  She was also
6   unaware that he had 5 sisters who reside in the Honduras, even though Defendant reported that he
7   has contact with his sisters three times weekly.  Further, the fiancé did not know the name of the
8   pub where she reported Defendant worked in 2020 and 2021.  Finally, Defendant's fiancé stated
9   that she does not believe Defendant needs substance abuse treatment even though she reported that
10  Defendant does "coke" and "sometimes does crack"; Defendant, however, reported that he has
11  been hospitalized twice due to overdose on at least two occasions, most recently a few days before
12  his arrest. And Defendant did not appear to know his fiancé's last name. The other proposed surety
13  admitted she does not really know Defendant and instead offered to be surety in support of her
14  friend, Defendant's finance.

15      Accordingly, Defendant is detained.  These findings are made without prejudice to
16  Defendant's right to seek review of his detention should new information arise.

17      Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

18      1.    Defendant is committed to the custody of the Attorney General for confinement in
19  a corrections facility separate, to the extent practicable, from persons awaiting or serving
20  sentences or being held in custody pending appeal;

21      2.    Defendant be afforded reasonable opportunity for private consultation with
22  counsel; and

23      3.    On order of a court of the United States or on request of an attorney for the
24  government, the person in charge of the corrections facility in which the defendant is confined
25  shall deliver the defendant to an authorized United States marshal for the purpose of any
26  appearance in connection with a court proceeding.

27

28

**IT IS SO ORDERED.**

Dated: April 21, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge